DLD-050                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2312
_____

UNITED STATES OF AMERICA

v.

KENNETH PARNELL,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-12-cr-00418-006)
Chief District Judge: Juan R. Sanchez

_____

Submitted on Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2021
Before:  KRAUSE, MATEY, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Federal prisoner Kenneth Parnell appeals from the District Court's orders denying

his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reconsideration thereof. The Government timely filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will affirm.

In 2013, a jury convicted Parnell of conspiring and attempting to sell drugs, carrying a firearm during a drug crime or crime of violence, and conspiring and attempting to commit Hobbs Act robbery.[1] After amending the original judgment, the District Court sentenced Parnell to 181 months' imprisonment; his anticipated release date is in July 2025.

In May 2020, Parnell filed a motion for a reduction of sentence and compassionate release, citing his risk factors for contracting COVID-19. See 18 U.S.C. § 3582(c)(1)(A)(i). The District Court denied the motion in January 2021, and Parnell did not appeal. In March, Parnell filed a new, "emergency" motion for compassionate release, arguing that he had contracted COVID and was at imminent risk of severe disease. The District Court denied his motion in April, because his changed circumstances did not undermine the reasoning of the January order. Parnell moved for reconsideration, which the District Court denied in August. Parnell timely appealed.[2]

---

[1] See 18 U.S.C. §§ 2, 846, 924(c), 1951(a).

[2] We stayed this appeal pending the disposition of the motion for reconsideration. See Fed. R. App. P. 4(a)(4). After the denial of that motion, Parnell filed an amended notice of appeal; our review therefore encompasses both the April and August orders. See R. 4(a)(4)(B)(ii); United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000) (en banc). To the extent that the April 6 order incorporated the reasoning of the January 15 order, we look through to that earlier memorandum. See ECF No. 802 at 1 n.1 (denying Parnell's motion "for the same reasons stated in the Court's January 15, 2021, Memorandum").

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument

3

that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

Parnell's primary argument on appeal is that, in denying his motion, the District Court improperly relied on a policy statement from the United States Sentencing Commission that is "applicable" only to compassionate-release motions initiated by the Bureau of Prisons.[3] We recently addressed this issue in United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), where we explained that a District Court considering a prisoner-initiated motion for compassionate release may employ that policy statement "as a guide, not as an ultimate binding authority," in defining what reasons are "extraordinary and compelling" under the statute, id. at 260. Parnell claims that the District Court here considered the policy statement as binding, in contravention of our decision in Andrews. The Government argues that the District Court's consideration of the policy statement was not in conflict with Andrews and, moreover, that the District Court did not abuse its discretion in finding that release would be inconsistent with the § 3553(a) sentencing factors. We agree with the Government.

When denying Parnell's first motion for compassionate release, the District Court assumed that even if it had the authority to define "extraordinary and compelling reasons" beyond those enumerated in the policy statement, no such reasons existed here. See ECF No 780 at 5 n.1.  The District Court thoroughly analyzed Parnell's pre-existing

---

[3] See U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sent'g Comm'n 2018).

4

medical conditions and the risk posed by COVID-19 at that time and determined they did not rise to the level of extraordinary and compelling reasons. Then, citing the § 3553(a) factors, the Court held that "he has served just over 50% of his sentence, and release at this juncture would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment." Id. at 10; see also Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether [compassionate] release would be consistent with those factors.").[4]

The District Court adopted this prior reasoning when denying Parnell's second motion for compassionate release in the April order. Parnell's motion for reconsideration of that order was based on the same arguments he makes on appeal. The District Court, responding to those arguments in the August order, expanded its discussion of the § 3553(a) factors and again determined that release would be inconsistent with them, particularly because of the serious nature of Parnell's crimes and the roughly a 40% reduction in his sentence that release would represent. See ECF No. 819 at 1–2 n.1. We find no abuse of discretion in these rulings.

---

[4] Parnell claims that the District Court's discussion of whether he posed a danger to the community under the factors articulated in 18 U.S.C. § 3142(g) demonstrates its improper reliance on the outdated policy statement. As the Government argues, even if engaging in this analysis were erroneous, any error would be harmless, because among the relevant sentencing factors is "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

5

Based on the foregoing, Parnell's appeal does not present a substantial question. We therefore will summarily affirm the District Court's orders.